## DOWLING et al. v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
November 8, 1927.

No. 4878.

**Criminal law ⊂⊃1186(1)—Death of trial stenographer and inability to read his notes held, under facts shown, not to require reversal.**

Judgment *held* not reversible on the ground that the death of the stenographer who reported the trial and inability to read his notes made it impossible to prepare an accurate bill of exceptions, where the trial judge, in denying a motion for new trial on the same ground, stated that the testimony and rulings were the same in all substantial respects as on a previous trial, in which the jury disagreed, and the record of which was preserved, and offered from such record and his own recollection to prepare and settle a bill of exceptions, which offer defendants declined.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Criminal prosecution by the United States against Mary M. Dowling and others. Judgment of conviction, and defendants bring error. Affirmed.

Arthur Bensinger, of Louisville, Ky. (William T. Fowler, of Lexington, Ky., Edward C. O'Rear, of Frankfort, Ky., and Wallace Muir and Fowler, Wallace & Fowler, all of Lexington, Ky., on the brief), for plaintiffs in error.

Sawyer A. Smith, of Covington, Ky., for the United States.

Before DENISON, Circuit Judge, and HICKENLOOPER and RAYMOND, District Judges.

DENISON, Circuit Judge. 1. The motion of the United States to dismiss the writ of error for lack of any bill of exceptions must be denied, because errors are assigned as to matters shown by the record as it is.

2. The motion of the defendants below (plaintiffs in error here) to reverse because of the impossibility of settling a proper bill of exceptions and the errors assigned upon the trial court's denial of the motion for a new trial, which motion was based on the same impossibility, raise the same question. The case below was a prosecution for conspiracy to possess, transport, and sell intoxicating liquors in violation of the National Prohibition Act (27 USCA), and also for the three substantive offenses. The defendant, Mary Dowling, is the mother of the others. She owned a distillery, and also owned an adjacent home, in which the other defendants lived with her. The finding of the indictment had followed a search made in the basement of the building used as the family residence, which search was made by prohibition officers under the purported authority of a search warrant, and disclosed in this basement some 500 cases of bottled whisky in sacks, and also some other intoxicating liquors. It was defendants' theory that the stock of liquor had been placed there before January, 1920, and had been since kept for family and home use only. It was the theory of the prosecution that sales were being made therefrom.

The case came on for trial in April, 1924. Upon the opening of the trial, defendants made a motion to quash the search warrant and return the liquors. Evidence was taken upon this motion. All aspects of the validity of the search warrant and of the search and seizure were covered by these proofs. The motion was denied, and the trial proceeded. All aspects of the case on the merits were then covered by full proofs on both sides. The jury disagreed. When the case was again called for trial, in September, 1924, it was postponed on account of Mrs. Dowling's illness. In December, 1924, she filed in the District Court, though apparently as an independent proceeding in equity, a petition for the return of the property and a quashing of the search and seizure. The petition was heard in open court, further proofs taken, and a transcript of the indictment trial evidence was included by consent. The petition was denied, and in January, 1926, that denial was affirmed by this court. Dowling v. Collins, 10 F.(2d) 62.

In the meantime (March, 1925), the indictment again came on for trial, and the jury returned a general verdict of guilty. The court delayed sentence until the decision of the pending appeal in this court, and during efforts to get a further review. When the sentence was finally imposed, and this present writ of error then brought, it was found that the stenographer who had taken the record of the last trial had died, and that his notes could not be read. Defendant's counsel set up that, in reliance upon the present common practice, they had not, nor had the trial judge, taken notes of the trial evidence or rulings sufficient to be a basis for a bill of exceptions, and that they were therefore entitled to a new trial, because they had thus, without fault, lost the right to review. Upon this application the trial judge filed a memorandum, reciting that the testimony upon the last trial and his rulings during it were, in all substantial respects, the same

as upon the former proceeding, the stenographer's record of which was preserved, and that his charge to the jury was the same as had been written out by the stenographer from the first trial, with certain changes and additions which he remembered and stated.[1] He concluded that, with the aid of the existing records, a sufficient and fair bill of exceptions could be made up, and he offered, if counsel desired, to prepare such a bill himself for their scrutiny. Thereupon he overruled the motion. Defendants' counsel have not at any time denied that the testimony, the questions involved, the rulings, and the charge were generally similar to those of the first trial. They content themselves with saying that there were many differences in addition to those recited by the judge; but they specify none of definite importance. The fair inference is that they recall no vital further difference, but hope (and doubtless believe) that by a careful study of the stenographer's transcript they could discover further matters upon which they would feel justified in alleging error.

In such a state of the record we need not trouble about the rule under other conditions. There is no occasion to consider the extent to which the present-day reliance upon stenographer's notes has modified the old-time verity attributed to the judge's recollection as aided by his notes, nor to deny that the refusal of a new trial in some analogous situations might be an abuse of discretion demanding reversal. See 20 R. C. L. p. 288. Not so here. Defendants' counsel declined to undertake or to join in the effort—which seemingly might have been successful—to prepare a bill of exceptions which would have saved for review every existing vital question. If they have lost their normal opportunity to be heard in this court, it is by their choice.

3. In view of the foreclosure, by the decision on the first trial and by the decision of this court, of all matters affecting the validity of the search and seizure, the assignments of error, so far as based on the existing record, present nothing requiring consideration, but are overruled on the authority of our decisions in Rudner v. U. S. (C. C. A.) 281 F. 516; Huth v. U. S. (C. C. A.) 295 F. 35; Leonard v. U. S. (C. C. A.) 18 F.(2d) 208.

The several judgments below are affirmed.

---

[1] The defendants' motion for a new trial recites that it has annexed thereto a complete transcript of the charge and of the argument of the district attorney; but they are not included in the present record.