**A. D. HERRING, Appellant,**

v.

**KENNEDY-HERRING HARDWARE COMPANY, Inc., Appellee.**

No. ——.

United States Court of Appeals
Sixth Circuit.
Nov. 13, 1958.

Wagner & Weeks, Chattanooga, Tenn., for appellant.

J. F. Wheless, Chattanooga, Tenn., for appellee.

Before ALLEN, Chief Judge, and SIMONS and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellant filed this action in the District Court seeking judgment against the appellee in the amount of $58,300.00 for services alleged to have been rendered by him and for which he had not been compensated. In a trial to the court without a jury, the District Judge

dismissed the action with an accompanying opinion which served as Findings of Fact and Conclusions of Law. Judgment was entered on April 22, 1958. Notice of appeal was filed in the District Court on May 22, 1958. The time for filing the record on appeal has been extended to November 18, 1958.

On October 27, 1958, appellant filed in this Court a motion that the case be remanded to the District Court for a new trial for the reason that, due to the death of the official court reporter who reported the trial of the case, appellant was unable to obtain a transcript of the evidence and that it was impossible, on account of the complicated issues and testimony involved, to produce a record that would accurately reflect the testimony at the trial. Affidavits in support of the motion show that the official court reporter used stenographic shorthand notes, known as Progressive Pittman; that after repeated inquiries and several attempts to find a reporter, including one expert recommended by the Association of Court Reporters in Denver, Colorado, no one could be found who could transcribe his notes; that it was finally learned that a court reporter in Washington, D. C., had been a former partner of the deceased reporter and upon being contacted, he stated that he could transcribe the record; that in reliance upon such representations, the appeal was taken; that the reporter in Washington, due to pressing business obligations and ill health, was unable to attend to the matter until August 6, 1958, at which time he made a trip to Chattanooga, Tennessee, for the purpose of seeing the court file and conferring with the attorneys; that after considerable time, effort and tedious study, he realized it would be impossible for him to produce an accurate record from the court reporter's notes, in that a large part of the notes were so garbled and illegible that it was impossible to transcribe the same.

■ Although a stenographic transcript of the evidence is the usual way at the present time in which a review of the evidence and alleged errors therein is presented to the Court of Appeals, it is not the only way in which such a review can be obtained. A satisfactory record, including a narrative statement of the testimony of the witnesses, may at times be prepared through the use of notes taken during the trial by the attorneys and the trial judge, supplemented by memories of the attorneys, witnesses, and the trial judge, by agreement between the parties, and possibly from other sources. Rules 75(n) and 76, Federal Rules of Civil Procedure, 28 U.S.C.A.; Miller v. United States, 317 U.S. 192, 198–200, 63 S.Ct. 187, 87 L.Ed. 179; Middleton v. Hartford Accident & Indemnity Co., 5 Cir., 119 F.2d 721, 724. Inability to obtain a stenographic transcript of the evidence is not, standing alone, sufficient to set aside a judgment and grant a new trial. Dowling v. United States, 6 Cir., 22 F.2d 364; People v. Chessman, 35 Cal.2d 455, 218 P.2d 769, 19 A.L.R.2d 1084; State v. Evans, 145 Wash. 4, 258 P. 845; State v. Thompson, 130 Mo. 438, 32 S.W. 975. Compare: City of Duncan v. Abrams, 171 Okl. 619, 43 P.2d 720. See: Annotation 19 A.L.R.2d 1104–1108.

■■ The authority to grant a new trial under Rule 59(a) or to relieve a party from a final judgment under Rule 60(b), Rules of Civil Procedure, rests with the District Court, not the Court of Appeals. In accordance with the procedure in an analogous situation, approved in Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349; see also: Metcalf v. United States, 6 Cir., 195 F.2d 213, 218; Hamel v. United States, 6 Cir., 135 F.2d 969; appellant's motion seeking a new trial or relief from final judgment under either of those rules should be addressed to the District Court. If, after a full and careful investigation of the problem, the District Judge is of the opinion that a fair and satisfactory record can be prepared for the purpose of a review of this case by the Court of Appeals, or if the failure to prepare such a record is due to the inexcusable neglect of the appellant to preserve his rights in the matter

or to his failure or refusal to fully cooperate, he will so state and the pending motion for a remand will be overruled. If, without fault on the part of the appellant, or because of the failure of the appellee to fully cooperate in the matter, the District Judge is of the opinion that a record cannot be prepared and presented to the Court of Appeals which will fairly and satisfactorily enable the Court to review the judgment entered in this action and that the appellant should be granted a new trial, he will so certify to this Court and the pending motion for a remand will be sustained for action by the District Judge on the motion under consideration by him.

For the purposes of carrying out the procedure herein above outlined, the time for filing the record on appeal will be extended to December 31, 1958.

No action is taken by this Court at the present time upon appellant's motion to remand.