**HYDRAMOTIVE MANUFACTURING CORPORATION et al., Appellants,**

**v.**

**SECURITIES AND EXCHANGE COMMISSION, Appellee.**

No. 7977.

United States Court of Appeals
Tenth Circuit.

Jan. 3, 1966.

Robert E. Shelton and Monroe C. Francis, Oklahoma City, Okl., for appellants.

John V. Holmes, Love Valley, N. C., appellant, pro se.

David B. Bliss, Atty., Securities and Exchange Commission, Washington, D. C., for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

The appellants have moved that the case be remanded to the District Court, and that a new trial be granted by reason of the failure of the former official court reporter to have fully transcribed the testimony.

It appears that the reporter has left the employment of the court and has not proceeded with the preparation of a transcript. Appellants' attorney stated during the hearing that he has made repeated attempts to have the reporter complete the work, but has been unsuccessful. It does not appear from the record that appellants have formally requested relief from the District Court.

■ The preparation of the transcript by the reporter is an administrative matter under the general supervision of the District Court from which this appeal arose. The statute relating to reporters, 28 U.S.C.A. § 753, provides for their appointment by each district court, and states their duties including the prompt transcription of the testimony. It provides also: "The reporters shall be subject to the supervision of the appointing court and the Judicial Conference in the performance of their duties, including dealings with parties requesting transcripts." The duty of supervising court reporters is one of routine administration in the District Courts, and is not dependent upon the court's jurisdiction in any particular case. Thus the fact that an appeal had been taken in the case before us, and the District Court had lost jurisdiction to proceed further as to its merits, does not mean it had lost its power to continue the supervision of the reporter's duties although they relate particularly to this case. The preparation of the transcript is a continuing matter which must proceed in the District Court although jurisdiction over the case in which it will be filed may have passed to the appellate court.

The Rules of Civil Procedure make provision for the approval by the District Court of the record in but a few specific instances. These include some records on forma pauperis, Rule 75(m), where there was no stenographic reporter present, Rule 75(n), and where the evidence is provided by an agreed statement, Rule 76. The District Court must also resolve errors in the record under Rule 75(h). Thus it is assumed that no specific action is required in the many other instances, and that the transcripts will be prepared as a routine part of the District Court administration.

■ It is thus not necessary to remand this case in order for the District Court to take appropriate action relative to the preparation of the transcript, as the movant requests.

■ It has been held upon several occasions that the inability to obtain a stenographic transcript of testimony is not enough alone to warrant a new trial. Herring v. Kennedy-Herring Hardware Co., 261 F.2d 202 (6th Cir.); Dowling v. United States, 22 F.2d 364 (6th Cir.); Annot., 19 A.L.R.2d 1104.

In any event a motion for a new trial should be addressed to the trial court under Rule 59(a) of the Rules of Civil Procedure or for relief under Rule 60(b).

If after considering the problem the District Court is of the opinion that a satisfactory record cannot be obtained for the appeal here pending by obtaining a transcript, or under Rule 75(n) or Rule 76, or cannot by reason of appellee's refusal to cooperate, and that a new trial is required, he shall so certify to this court, and the pending motion for remand will be granted. If the District Court is of the opinion that a record can be completed, but is not by reason of appellant's neglect or refusal to cooperate, he shall so certify to this court and appropriate action will be taken. Otherwise the appeal will proceed in the usual manner. It is so ordered.

The motion of appellant Holmes to remand is denied for the above reasons. His motion urging that the injunction is moot is denied as premature. The motions of appellants Willis and Holmes relating to the disclosure of asserted confidential information by appellee through the use of exhibits introduced in the trial of this action are denied for the same reason.