## Brooke Lee PATTON

v.

## Frank J. DeCICCO, trading as Slim's Ranch.

### Civ. A. No. 80–3671.

United States District Court, E. D. Pennsylvania.

June 8, 1982.

of business and about the proper interpretation

Robert J. Murphy, Philadelphia, Pa., for plaintiff.

Charles Jay Bogdanoff, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, Chief Judge.

Defendant, Frank J. DeCicco, trading as Slim's Ranch (DeCicco), obtained a favorable jury verdict in this personal injury action. Plaintiff, Brooke Lee Patton, appealed. DeCicco filed the instant motion to compel Patton to transcribe additional portions of the trial transcript for purposes of the appeal. F.R.App.P. 10(b)(3).

For the reasons stated hereafter, the motion will be granted and Patton will be ordered to have transcribed the testimony relating to the issue of DeCicco's asserted liability for Patton's injuries.

Briefly, the facts relevant to this motion are as follows: On September 25, 1981, I entered judgment in favor of DeCicco following a jury verdict in his favor. Patton filed post trial motions which I denied on January 18, 1982. On February 1, 1982, Patton filed a notice of appeal and, on February 5, 1982, she filed a transcript purchase order with the court reporter designating portions of the transcript that were to be transcribed for appeal. DeCicco was not served with a copy of the transcript purchase order. On April 23, 1982, DeCicco filed with the Court of Appeals a motion to dismiss the appeal on the ground that Patton, the appellant, had not filed the statement of issues required when only a portion of 28 U.S.C. § 1332(c).

of the transcript has been ordered.[1] *See* F.R.App.P. 10(b)(3). On the same day Patton mailed to DeCicco's counsel a statement of issues she intended to raise on appeal and a designation of the portions of the trial transcript that she had ordered. These documents were not received by DeCicco's counsel until April 26, 1982. (Exhibit D to Motion to Compel Transcription of Record). On May 5, 1982, DeCicco served Patton with a letter in which DeCicco designated the remainder of the trial transcript for inclusion in the appellate record. In a letter dated May 6, 1982, but not received by DeCicco's counsel until May 10, 1982, Patton refused to order any additional portions of the transcript. DeCicco, accordingly, filed the instant motion pursuant to F.R. App.P. 10(b)[2] on May 19, 1982.

Patton makes three arguments in opposition to DeCicco's motion. She contends that (1) the filing of the notice of appeal divests this court of jurisdiction to consider this motion; (2) DeCicco's motion is untimely; and (3) the transcript of the additional portions is unnecessary. I will consider these points in order.

■ Patton's jurisdictional argument is clearly without merit. F.R.App.P. 10(b)(3) specifically provides that motions to compel transcription may be addressed to the district court even though the matter is otherwise before the Court of Appeals. Moreover, it has long been settled that:

> The preparation of the transcript is a continuing matter which must proceed in the District Court although jurisdiction over the case in which it will be filed may have passed to the appellate court.

*Hydramotive Manufacturing Corporation v. Securities and Exchange Commission*, 355 F.2d 179, 180 (10th Cir. 1966).

■ I also reject Patton's timeliness argument. Rule 10(b)(3) requires that, if appellant chooses not to have the entire trial record transcribed, she must serve on the appellee a statement of issues to be presented on appeal and a designation of the portions of the transcript that have been ordered. Under the rule an appellee has ten days from service of the statement and designation to serve on appellant a designation of additional portions of the transcript that are to be included in the record for appeal. If appellant does not order the additional parts within ten days of the counter-designation by appellee, appellee has an additional ten days to either order the designated portions or to move in the district court to compel appellant to order the portions designated by appellee. In the instant case, Patton admittedly did not serve the statement of issues and designation of the transcribed portions of the record until April 26. DeCicco served his counter-designation on May 5, 1982, within the ten-day period required under the rule. Patton responded to the counter-designa-

1. In her answer to the motion to dismiss the appeal, Patton conceded that she did not file the statement of issues within ten days of filing the notice of appeal as required by F.R.App.P. 10(b)(3).

2. F.R.App.P. 10(b) provides in pertinent part:
    (b) The Transcript of Proceedings; Duty of Appellant to Order; Notice to Appellee if Partial Transcript is Ordered.
    (1) Within 10 days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as he deems necessary, subject to local rules of the courts of appeals. The order shall be in writing and within the same period a copy shall be filed with the clerk of the district court. . . .
    \*   \*   \*   \*   \*   \*
    (3) Unless the entire transcript is to be included, the appellant shall, within the 10 days

time provided in (b)(1) of this Rule 10, file a statement of the issues he intends to present on the appeal and shall serve on the appellee a copy of the order or certificate and of the statement. If the appellee deems a transcript of other parts of the proceedings to be necessary, he shall, within 10 days after the service of the order or certificate and the statement of the appellant, file and serve on the appellant a designation of additional parts to be included. Unless within 10 days after service of such designation the appellant has ordered such parts, and has so notified the appellee, the appellee may within the following 10 days either order the parts or move in the district court for an order requiring the appellant to do so.
    (4) At the time of ordering, a party must make satisfactory arrangements with the reporter for payment of the cost of the transcript.

tion by serving DeCicco on May 10 with a letter refusing to order the additional transcript. DeCicco then, as he had the right to do under the rule, declined to order the transcript and filed the instant motion on May 19, again within the ten days allotted by the rule. Accordingly, the motion was timely filed.[3]

Finally, I am satisfied that inclusion of additional portions of the transcript is essential for proper appellate review of this case. The appellant has the burden under F.R.App.P. 10(b) "to include in the record such parts of the reporter's transcript as are necessary to give to the court of appeals a fair and accurate account of what transpired below with respect to matters that are the basis for the appeal." 9 Moore's Federal Practice ¶ 210.05[1] at 10–27 [2d ed. 1982]. Review of Patton's statement of issues reveals that the principal argument that she intends to pursue on appeal is that I erred in the manner in which I submitted the issue of liability to the jury for its consideration. In order for the Court of Appeals to review that decision, it must have before it the complete record of the trial pertaining to the issue of liability. Accordingly, DeCicco's motion will be granted and Patton will be required to have transcribed the testimony of: (1) Abe Mersky; (2) Sol Mersky; (3) the balance of the testimony of Frank J. DeCicco; and (4) the balance of the testimony of Brooke Lee Patton pertaining to the issue of liability.

---

**3.** Patton's argument that DeCicco had actual knowledge of the portions of the transcript and the issues for appeal prior to April 26, 1982 is irrelevant. Rule 10(b)(3) is abundantly clear that the time limitation on an appellee's duty to counter designate does not begin to run until appellant serves the statement of issues and designation of the portions of the transcript to be included on appeal.