*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0319p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RONALD POST,

*Petitioner-Appellant,*

*v.*

No. 03-4085

MARGARET BRADSHAW,

*Defendant-Appellee.*

Filed: July 29, 2005

Before: SILER, BATCHELDER, and COLE, Circuit Judges.

_____

**ORDER**

_____

ALICE M. BATCHELDER, Circuit Judge. The district court entered an order based upon the procedure outlined in *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976), stating that it is inclined to grant Petitioner Post's FED. R. CIV. P. 60(b) ("Rule 60(b)") motion to vacate the judgment dismissing his habeas corpus petition in order to permit Post to undertake limited discovery. Following the entry of this order, Post filed a motion with this court seeking remand. Because the district court committed legal error by failing to recognize that the relief sought in the Rule 60(b) motion is barred by 28 U.S.C. § 2254(i), and because Post's motion constitutes a second or successive habeas petition that the federal courts do not have the power to adjudicate, Post's motion for remand must be DENIED.

**I.**

The facts in this case are set out in detail in Judge Wells's order. The facts relevant to our inquiry are these. In November 1997, Mr. Post, assisted by the Ohio Public Defenders office and one court-appointed private attorney, filed a petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254. Following the filing of the initial petition, Judge Wells granted in part and denied in part Post's augmented motion to obtain discovery pursuant to Habeas Rule 6. Mr. Post's case was then handed from attorney-to-attorney in the Public Defenders office, although the private attorney continued as counsel until he obtained permission from this court to withdraw in June 2004. None of Post's counsel ever conducted the discovery, and in May 2003, the district court denied his petition for habeas corpus on the merits.

After appealing the district court's denial of a certificate of appealability for certain claims, Post's attorneys filed a Rule 60(b)(6) motion for partial relief from the judgment denying habeas relief. The district court issued an order stating that counsel's failure to pursue discovery was "inexcusable neglect" cognizable under Rule 60(b)(6), and stating its intention to grant the motion. Post's attorneys then filed in this court a motion for remand.

## II.

At the time that the Rule 60(b) motion was filed in the district court, Post already had an appeal pending in this court which deprived the district court of jurisdiction to issue a final ruling on the motion. *See Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993). Accordingly, the district court provisionally granted a Rule 60(b) motion pursuant to the procedure this court prescribed in *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976).

Under the rule in *Hirsch*, where a party wishes to file a Rule 60(b) motion but already has an appeal pending in this court, "the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion . . . ." *Id.* at 346 (citation omitted). On *Hirsch* review, we may not simply grant such motions for remand as a matter of course—particularly where, as here, the basis for remand cited by the district court is predicated on legal error. It would be odd indeed if the *Hirsch* procedure—which is intended to promote judicial efficiency—nonetheless required this court to rubberstamp remand motions arising from Rule 60(b) claims that cannot succeed as a matter of law.

As an initial matter, we note that the district court issued its provisional order without the benefit of relevant case law that was subsequently handed down. In *In re Abdur'Rahman,* 392 F.3d 174 (6th Cir. 2004) (en banc), we held that in cases filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), "[in] which the factual predicate in support of the motion attacks the manner in which the earlier habeas judgment was procured and is based on one or more of the grounds enumerated in Rule 60(b)," this court may consider the claim as a motion under Rule 60(b) instead of dismissing it as a second or successive habeas petition. *Abdur'Rahman*, 392 F.3d at 177. In *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), decided after *Abdur'Rahman*, the Supreme Court held that Rule 60(b) remains viable in the habeas context only to the extent it is "not inconsistent with" AEDPA and other applicable federal statutory provisions and rules. *Gonzalez*, 125 S. Ct. at 2646. *Gonzalez* also held that a habeas petitioner's filing that "seeks vindication of" a federal habeas claim is, if not in substance a habeas corpus application, "at least similar enough that failing to subject it to the same requirements would be 'inconsistent with'" the AEDPA-amended habeas statutes. *Id.* at 2647. Finally, *Gonzalez* held that "[i]f neither the [Rule 60(b)] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at 2648. Because it is a Supreme Court case decided subsequent to *Abdur'Rahman*, *Gonzalez* controls our analysis of Post's Rule 60(b) motion.

## III.

The threshold issue we must decide is whether the district court has jurisdiction to grant Post's motion, even if it purports to be based on a ground enumerated in Rule 60(b). In determining that Post's motion falls within one of the grounds enumerated in Rule 60(b)—specifically, Rule 60(b)(6)—the district court relied upon *Fuller v. Quire*, 916 F.2d 358 (6th Cir. 1990). In *Fuller*, we held that the district court properly granted a Rule 60(b)(6) motion for "inexcusable neglect" where the petitioner's attorney defaulted the petitioner's civil case by failing to appear at a docket call, and where the attorney admitted that he had no cause for his negligence. *Id.* at 361. The district court failed to take into account, however, that unlike Fuller's case, Post's case is a post-conviction collateral attack brought pursuant to 28 U.S.C. § 2254, as amended by AEDPA § 104. Relevant to this case, § 2254 specifically mandates that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). If Post's Rule 60(b) motion "arises

under" § 2254, then it is precluded by the explicit provisions of § 2254(i). We conclude that this motion is thus precluded.

Post's motion seeks relief from the judgment entered in his habeas proceeding brought under 28 U.S.C. § 2254. The motion seeks relief based on the failure of Post's counsel to pursue the discovery for which Post had sought and obtained the district court's approval. We think it is clear that, whatever appellation we might apply to counsel's neglect, the ground on which Post seeks relief in this Rule 60(b) motion is the incompetent and ineffective representation he received during that federal post-conviction collateral review. But relief on that ground is not permitted under AEDPA.

Section 2254 is expansive in its prohibition here: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). The language of this statute is clear. It expressly bars relief grounded on claims of incompetent or ineffective counsel in federal post-conviction proceedings. *See Duncan v. Walker*, 533 U.S. 167, 172-73 (2001) (highlighting the term "federal" in 28 U.S.C. § 2254(i) to illustrate that Congress deliberately included "federal" in several sections of AEDPA to denote the applicability of provisions—such as the rule against ineffective assistance claims—to federal collateral post-conviction proceedings). And it bars "relief," not simply particular kinds of relief, such as a writ of habeas corpus. We conclude, therefore, that the relief Post seeks is explicitly barred by the provisions of § 2254(i).[1]

It is well settled that the Federal Rules of Civil Procedure "do not extend or limit federal jurisdiction, but they implement the exercise of existing jurisdiction, which has been conferred by statute." *Edwards v. E.I. Du Pont De Nemours & Co.*, 183 F.2d 165, 168 (5th Cir. 1950); *see also Sibbach v. Wilson & Co.*, 312 U.S. 1, 10 (1941) (noting that the federal jurisdiction created by statute may not be extended or restricted by court-enacted rules). It is equally "well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). The jurisdiction of federal courts to entertain Rule 60(b) challenges to judgments entered in habeas proceedings brought under AEDPA, therefore, must be predicated on the very same jurisdiction granted to the federal courts *by* AEDPA. *Gonzalez* makes clear that, post-AEDPA, Rule 60(b) continues to have "an unquestionably valid role to play in habeas cases." *Gonzalez*, 125 S. Ct. at 2649. But *Gonzalez* also makes it clear that when the AEDPA-amended habeas statutes conflict with Rule 60(b), AEDPA controls. *See id.* at 2646; *see also Callihan v. Schneider*, 178 F.3d 800, 802 (6th Cir. 1999) ("[A] statute passed after the effective date of a federal rule repeals the rule to the extent of the actual conflict.") (citing *Autoskill*

---

[1]We are puzzled by the dissent's argument that § 2254(i) "merely codifies the long held view that alleged constitutional errors during collateral attack of a state court conviction cannot be grounds for issuance of a writ of habeas corpus." *See* Dissent at 9. If Congress had meant to codify the ineffectiveness standard of *Strickland v. Washington*, 466 U.S. 668 (1984), one would expect Congress to have confined itself to the precise language of the Supreme Court's opinion; however, neither "incompetent" nor "incompetence" is ever used by the *Strickland* majority. But more fundamentally, in order to obtain federal habeas relief, a petitioner must establish that he is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(i)'s "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings" does not address the legality of the state court judgment, and, as the dissent concedes, does not even identify a federal constitutional violation–since a petitioner does not have a constitutional right to habeas counsel, much less a right to effective habeas counsel. *See* Dissent at 9. The dissent's interpretation of § 2254(i) therefore requires us to believe that Congress enacted the provision to bar only a type of habeas relief that is clearly not a valid form of habeas relief independent of § 2254(i). Our interpretation of § 2254(i) as prohibiting more than just habeas relief for constitutionally ineffective counsel is not only a commonsense reading of § 2254(i)'s text, but also avoids an interpretation that renders the provision entirely superfluous. *See Broadcast Music, Inc. v. Roger Miller Music, Inc.*, 396 F.3d 762, 769 (6th Cir. 2005) ("Courts are to make every effort to interpret provisions so that other provisions in the statute are not rendered inconsistent, superfluous, or meaningless.").

*Inc. v. National Educ. Support Sys., Inc.*, 994 F.2d 1476, 1485 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993)).   Here, of course, AEDPA has made it explicit that a claim of "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings" is not a ground for relief in a proceeding arising under § 2254.  The bringing of such a claim is therefore not a valid role for Rule 60(b), and AEDPA denies the federal courts the power to entertain Post's motion in the instant case.

## IV.

Post's motion is clearly a second or successive habeas petition that is forbidden by the AEDPA-amended provisions of 28 U.S.C. § 2244(b).  A Rule 60(b) motion is a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims." *Gonzalez*, 125 S. Ct. at 2647-48.  A "claim" is "an asserted federal basis for relief from a state court's judgment of conviction," and "[a] motion can . . . be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*." *Id.*  "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)," and a motion does not attack a determination on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error–for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 2648 n.4.

Post's Rule 60(b) motion seeks to advance, through new discovery, claims that the district court previously considered and dismissed on substantive, constitutional grounds: i.e., on the merits.  The motion is therefore a second or successive habeas petition.  It makes no difference that the motion itself does not attack the district court's substantive analysis of those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings, namely his counsel's failure—after obtaining leave to pursue discovery—actually to undertake that discovery; all that matters is that Post is "seek[ing] vindication of" or "advanc[ing]" a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition. *See id.* at 2647-48.  In fact, *Gonzalez* makes explicit that a Rule 60(b) motion is in effect a successor petition if it "seek[s] leave to present 'newly discovered evidence' in support of a claim previously denied," *id.* at 2647 (internal citation omitted); and that "an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 2648 n.5 (internal citation omitted).  Through his Rule 60(b) motion, Post seeks discovery that might provide new evidence that he could present in support of claims previously denied, and his theory of "inexcusable neglect" constitutes an attack based on his habeas counsel's omissions.  The Rule 60(b) motion, therefore, is in effect a second or successive habeas petition that seeks to present claims that have already been adjudicated in a previous petition.  Because AEDPA denies federal courts the jurisdiction to adjudicate such a petition, *see id.* at 2646-48; 28 U.S.C. § 2244(b)(1), we must deny Post's motion.

## V.

That we must deny the relief Post seeks does not vindicate the egregious conduct of the Ohio Public Defenders Office in this case—conduct which the district court held and the Ohio Public Defenders Office not only admits but now, in an apparent attempt to circumvent the law, affirmatively argues was "inexcusable neglect."  Perhaps Congress had in mind exactly this kind of "representation" by counsel when it removed "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings" as a ground for relief in proceedings arising under § 2254.  In any event, we are curious as to the justification for the public funds paid to the Ohio Public Defenders office and the outside counsel for Mr. Post's habeas proceeding.  Based on the district court's recounting of the facts, there is scant evidence of competent legal work being accomplished by counsel in Mr. Post's case between the time that the augmented motion for

discovery was filed and the time that the COA appeal and Rule 60(b) motion were filed. And yet the record reflects that William Mooney of the Ohio Public Defenders Office was paid at least $15,637, William Lazarow of the Ohio Public Defenders Office was paid at least $6,165.60, and Henry Hilow, Post's outside counsel, was paid at least $15,260.10, all out of monies provided under the Criminal Justice Act.

## VI.

We understand that Mr. Post was failed by his attorneys. However, because there is no constitutional right to counsel in habeas proceedings, *see Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); because Congress has forbidden relief for ineffective or incompetent representation in post-conviction collateral review; and because Congress has barred relief for claims adjudicated in a previous habeas petition, the district court cannot grant Post's Rule 60(b) motion, and we therefore have no basis upon which to remand the case. Accordingly, we **DENY** the Motion to Remand.

R. GUY COLE, JR., Circuit Judge, dissenting.  Since the majority ignores the Supreme Court's clear mandate in the recent decision *Gonzalez v. Crosby*, — S.Ct. —, 2005 WL 1469516 (2005), and gives an unwarranted interpretation of the relationship between the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), and Rule 60(b), I respectfully dissent.

## I.

During the robbery of a motel, Ronald Post murdered Helen Vantz.  Post pleaded guilty to aggravated murder in the Lorain County Court of Common Pleas, Ohio, and was sentenced to death. In June of 1997, Post was appointed two attorneys from the Ohio Public Defender's Office, and one private attorney, to assist him in filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In January of 1999, the district court allowed Post to conduct limited discovery under Habeas Rule 6.  *See* FED. R. GOVERNING § 2254 CASES 6 (outlining procedure for granting discovery to a habeas petitioner.)  Such discovery was to include depositions of a jailhouse informant, a polygraph examiner, and various members of the Lorain County Prosecutor's Office, and document requests relating to the same.

Post's attorneys failed to perform the discovery.  The state attorney initially assigned to the matter, Kathryn Sandford, left the Ohio Public Defender's Office around the time the district court granted the discovery.  Her successor, William Mooney, failed to follow through and conduct the discovery.  The case was then transferred to the Chief Counsel of the Death Penalty Division, Gregory Myers.  Myers assigned the case to another attorney, William Lazarow, in May of 1999. However, neither Myers nor Lazarow performed the discovery.  Nor did Post's private attorney, Henry Hilow, perform the discovery.  In statements to the district court, none of Post's attorneys offered any adequate explanation or reason for failing to conduct discovery.

Post began to seek additional assistance given his attorneys' lapses.  In April of 2000, Post wrote a letter to the Ohio Public Defender, as well as to his current and former counsel, stating he was receiving inadequate representation, and that his attorneys were not conducting discovery.  In July of 2000, Post wrote a letter seeking the district court's aid in obtaining a response from his attorneys.  The district court scheduled a conference call with the various parties in August of 2000. Shortly thereafter, Post sought additional help from the American Bar Association and Professor James Liebman of Columbia University.  Both declined representation as the Ohio Public Defender was still representing Post.

Sometime thereafter, Lazarow resigned from the office of the Ohio Public Defender.  The resignation left the office "short-handed," D. Ct. Op. at 4, and in February 2002, the Ohio Public Defender informed Post that he "must expect to be in a holding period without access to counsel for several months."  *Id.*  Post continued to write letters to various attorneys seeking additional assistance.

In May of 2003, the district court denied Post's petition for habeas relief.  The Ohio Public Defender then assigned new attorneys, Timothy Payne and Rachel Troutman, to represent Post on appeal.  During their review of Post's file, Payne and Troutman became aware that Post had been granted additional discovery that had never been conducted.

Consistent with the procedures announced in *First Nat'l Bank of Salem v. Hirsch*, 535 F.2d 343 (6th Cir. 1976), Post moved for Rule 60(b) relief in the district court. The district court indicated it would grant the Rule 60(b) motion, noting that the Ohio Public Defender's actions in failing to conduct discovery amounted to "inexcusable neglect" under *Fuller v. Quire*, 916 F.2d 358 (6th Cir. 1990).

Post thereupon asked this Court to remand the matter to the district court. Our order today deals with this motion to remand.

## II.

In *Hirsch*, this Court set forth "the proper procedure which a party should follow when it seeks to make a motion under Rule 60(b) to vacate the judgment of the district court, after a notice of appeal has been filed." *Hirsch*, 535 F.2d at 345. Since a notice of appeal divests the district court of jurisdiction except for matters in aid of appeal, *see Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003), a district court lacks jurisdiction to grant relief from judgment pursuant to Rule 60(b). However, the authority to grant relief from judgment rests with the trial court, and not with the court of appeals. *See Hirsch*, 535 F.2d at 345 (citing *Herring v. Kennedy-Herring Hardware Co.*, 261 F.2d 202, 204 (6th Cir. 1958)). Accordingly, *Hirsch* requires that a party pressing a Rule 60(b) motion follow this procedure:

> [W]e think that the party seeking to file a Rule 60(b) motion . . . should have filed that motion in the district court. If the district court is disposed to grant the motion, he may enter an order so indicating and the party may then file a motion to remand in this court.

*Id.* at 346.

Here, the district court indicated it was inclined to grant Rule 60(b) relief, and in particular, relief under subsection (6), on the grounds that Post's attorneys' failure to conduct discovery was "inexcusable neglect." Accordingly, under the procedure described in *Hirsch*, we are required to determine whether remand is appropriate.

Generally, when the district court follows the *Hirsch* procedure and indicates that it would grant Rule 60(b) relief, we grant a motion to remand as a matter of course. *See, e.g., Hadix v. Johnson*, 64 Fed. Appx. 531 (6th Cir. May 29, 2003); *Hamm v. Fed. Express Corp.*, 30 Fed. Appx. 594 (6th Cir. March 12, 2002); *Zerla v. Mohr*, No. 99-3071, 1999 WL 313900 (6th Cir. May 3, 1999).[1] However, the majority notes that a remand pursuant to *Hirsch* would be inappropriate if the district court lacked authority to grant relief from judgment under Rule 60(b). In particular, the majority believes that 28 U.S.C. § 2254(i), which states that "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254," restricts the jurisdiction of the district court vis-a-vis Rule 60(b). The majority then holds that the "inexcusable neglect" of habeas counsel is nothing more than a claim for ineffective assistance of counsel on collateral attack. Since such relief is barred by AEDPA, the majority holds that the district court lacks jurisdiction to grant the motion, and therefore, remand from this Court would be inappropriate.

---

[1]This is especially true where the party losing a motion for a *Hirsch* remand could again appeal the district court's eventual grant of a Rule 60(b) motion for relief from judgment.

## III.

I disagree. The majority's reading of § 2254(i) is inconsistent with a straightforward reading of the Supreme Court's recent landmark ruling on Rule 60(b) in habeas proceedings, *Gonzalez v. Crosby*, — S.Ct. —, 2005 WL 1469516 (June 23, 2005).

*Gonzalez* dealt with whether AEDPA's restrictions on a second or successive habeas petition categorically barred a petitioner's Rule 60(b) motion seeking post-judgment relief. *See Gonzalez*, — S.Ct. —, 2005 WL 1469516, at *3. The Supreme Court unanimously held that it does not. *See id.* at *8 (Scalia, J. for the Court); *id.* (Breyer J., concurring separately); *id.* at *9 ("The most significant aspect of today's decision is the Court's unanimous rejection of the view that all postjudgment motions under Federal Rule of Civil Procedure 60(b) except those alleging fraud under Rule 60(b)(3) should be treated as second or successive habeas petitions.") (Stevens, J., dissenting). In particular, the Supreme Court noted the following test for determining whether a Rule 60(b) motion is to be considered a second or successive habeas petition:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" [for habeas relief] will be relatively simple. A motion that seeks to add a new ground for [habeas] relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Gonzalez*, — S.Ct. —, 2005 WL 1469516, at *5 (emphasis in original). In determining whether a claim was "on the merits," the Supreme Court referred "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at *5 n.4. The Supreme Court noted that "if neither the motion itself nor the federal judgment from which it seeks relief substantially addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at *5.

Despite this language, the majority believes that *Gonzalez* somehow precludes review of the Rule 60(b) motion in this case. The majority first notes that, under *Gonzalez*, "Rule 60(b) remains viable in the habeas context only to the extent it is 'not inconsistent with' AEDPA and other applicable federal statutory provisions and rules." Majority Op. at 2 (citing *Gonzalez*, — S.Ct. —, 2005 WL 1469516, at *3). The majority then makes the unwarranted inference that § 2254(i) somehow prevents review of the Rule 60(b) motion in this case. Such a view is clearly incompatible with the reasoning of *Gonzalez* regarding the proper interplay between AEDPA and Rule 60(b).

In *Gonzalez*, the Supreme Court analyzed the language of § 2244(b)(1) concerning whether "a '*claim* presented in a second or successive habeas corpus application' was also 'presented in a prior application.'" *Gonzalez*, — S.Ct. —, 2005 WL 1469516, at *4 (citing 28 U.S.C § 2244(b)(1)) (emphasis added). Though the noun "claim" in § 2244(b)(1) contains no immediate modifying language—such as, for example, "habeas claim"—the Supreme Court nevertheless determined that given applicable statutes and case law, such unmodified language did not encompass all possible and generic legal "claims." The Supreme Court noted that, under the express terms of § 2244(b)(1), the restricted "claims" are those found in an "application" for habeas relief. *Id.* (citing *Woodford v. Garceau*, 538 U.S. 202, 207 (2003)). Accordingly, "These statutes, and our decisions, make clear that a 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id.*

Despite this reasoning, the majority believes that a Rule 60(b) motion is precluded by § 2254(i). The majority's sole reason for this assertion is as follows: "[Section 2254(i)] bars 'relief,' not simply particular kinds of relief, such as a writ of habeas corpus. We conclude, therefore, that the relief Post seeks is explicitly barred by the provisions of § 2254(i)." Majority Op. at 3.

Such reasoning is inconsistent with the plain language of the statute. Section 2254(i) prohibits "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings" from being "a ground for relief in a proceeding arising under section 2254." Like the Supreme Court in *Gonzalez*, I believe such language clearly indicates the term "relief" encompasses only relief from a state court's judgment of conviction—that is, habeas relief.

First, the language of § 2254(i) is explicitly limited to prevent the type of expansive reading that the majority believes appropriate. The term "ineffectiveness or incompetence of counsel" is a term of art that specifically refers to *constitutionally* deficient counsel. *See Strickland v. Washington*, 466 U.S. 668, 686-96 (1984). Ineffective assistance of counsel requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000) (quoting *Strickland*, 466 U.S. at 687). In other words, the constitutional dimension of the phrase "ineffectiveness or incompetence of counsel" merely codifies the long held view that alleged constitutional errors during collateral attack of a state court conviction cannot be grounds for issuance of a writ of habeas corpus. Indeed, the Supreme Court has never held that prisoners have *any* right to counsel, let alone effective counsel, on collateral attack. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Johnson v. Avery*, 393 U.S. 483, 488 (1969).

Second, this view is buttressed by specific language that relief "arising under section 2254" applies to habeas relief. 28 U.S.C. § 2254(i). As noted by the actual terms of the statute, the express purpose of a federal proceeding under § 2254 is to challenge "the judgment of a State court only on the ground that [the petitioner] is in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, any relief "arising under section 2254" concerns the constitutionality of a state court conviction—that is, habeas relief—and does not concern various intermediary rulings of a district court during the adjudication of such a petition. This view is perfectly consistent with the notion that constitutionally ineffective counsel during collateral attack cannot be a ground for habeas relief. Since habeas relief is concerned with constitutional error by the state court, any alleged constitutional error during collateral attack is not an appropriate ground for relief.

Third, the majority's expansive reading of § 2254(i) defies common sense. According to the majority, because the term "relief" is arguably unspecified, it apparently extends to any kind of ruling that might favor the habeas petitioner. Accordingly, if the petitioner's habeas counsel misses a deadline for filing a discovery response or a reply brief and offers no adequate justification, an extension of time or new deadline could not be granted by the district court. As the majority would have it, such a "jurisdictional" bar would occur without regard to how small the extension of time, or even whether such extension is unopposed by the state. Such a view leads to the absurd conclusion that AEDPA was designed to interfere with the mundane functions and day-to-day management properly left to the inherent discretion of the district court—such as briefing schedules, discovery deadlines, hearing dates, and the admission of defense counsel *pro hac vice*.

Fourth, it is unclear how an appellate grant of jurisdiction to the district court pursuant to the *Hirsch* procedure constitutes "relief" under § 2254. Here, petitioner merely seeks, under Rule 60(b),

to perform the discovery that was previously granted by the district court. Such a remand does not affect the underlying state court conviction at issue in a § 2254 proceeding.[2]

Fifth, by its terms, § 2254(i) is not even applicable here. As noted by the majority, Post's claim on a Rule 60(b) motion is for "inexcusable neglect" under *Fuller*, 916 F.2d 358, not ineffective assistance of counsel. In his pleadings on the instant motion to remand, Post specifically notes he does not seek to establish an additional constitutional claim for ineffective assistance of counsel. Nor does Post seek to satisfy the familiar two-prong test for ineffective assistance of counsel. *See, e.g., Strickland*, 466 U.S. at 687 (noting that to establish ineffective assistance of counsel, claimant must establish deficient performance and prejudice).

Nor does the majority here deal with the policy considerations enumerated in *Gonzalez* supporting the continued viability of Rule 60(b) motions under AEDPA. Like the Supreme Court, I believe that determination of whether a Rule 60(b) motion seeks habeas relief, as opposed to some other kind of relief, is "relatively simple." *Gonzalez*, — S.Ct. —, 2005 WL 1469516, at *5. Where a Rule 60(b) motion "confines itself not only to the first federal habeas petition, but to a nonmerits aspect of the first federal habeas proceeding," *id.*, the motion does not seek the habeas relief prohibited by § 2254(i). Furthermore, the continued use of Rule 60(b) motions under AEDPA allows both parties—the petitioner as well as the state—to revisit judgments erroneously or improvidently granted on procedural or jurisdictional grounds. *Id.* at *6. And as amply noted by the Supreme Court and our case law, relief under Rule 60(b) is highly circumscribed by the language of the rule, undermining fears that federal courts will be exposed "to an avalanche of frivolous postjudgment motions." *Id.*; *see also Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 523-24 (6th Cir. 2001) (noting express and implied limits on relief under Rule 60(b)).

Given these policy considerations, the majority's continued insistence that AEDPA categorically prohibits the operation of Rule 60(b) in habeas cases rests on an unsound reading of the statute. *Gonzalez*, — S.Ct. —, 2005 WL 1469516, at *6 n.7 (noting that the "near-absolute bar" on Rule 60(b) motions was based on an a less than sound reading of AEDPA). In short, the majority seeks to invent a "conflict" between Rule 60(b) and AEDPA, Majority Op. at 5-6, where none need exist. Such a reading violates our general presumption against reading conflicts into a statute. *See*, *e.g.*, *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1018 (1994) ("[W]here two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective."). As noted by the Supreme Court, a "claim" is "on the merits" if it refers to a "determination there exist or do not exist grounds entitling a petitioner to habeas corpus relief . . . ." *See Gonzalez*, — S.Ct. —, 2005 WL 1469516, at *5 n.4. That the majority can conclude that the petitioner's motion, based entirely on the conduct of his attorneys during the hearing of his federal habeas petition, is somehow "on the merits" under the Supreme Court's clear definition in *Gonzalaz*, defies logic. Such an interpretation plainly ignores the mandate of *Gonzalez*, which we cannot do.

Accordingly, I would hold that AEDPA, and specifically § 2254(i), does not preclude the district court from hearing petitioner's Rule 60(b) motion, nor does it preclude us from issuing a run-of-the-mill *Hirsch* remand in this case.

---

[2]Accordingly, even if one agrees with the majority's broader interpretation of 2254(i)'s language regarding "ineffectiveness or incompetence of counsel", *see* Majority Op. at 3 n.1, this section simply does not preclude a grant of the Rule 60(b) motion sought by the petitioner. In other words, a *Hirsch* remand, or the provisional grant of a Rule 60(b) motion seeking to perform the discovery previously granted, cannot be considered "relief" under § 2254(i).

**IV.**

The majority is also incorrect in believing that petitioner's Rule 60(b) motion can be construed as a "second or successive habeas petition" under 28 U.S.C. § 2244(b). In *Gonzalez*, the Supreme Court made it clear that a Rule 60(b) "attack based on the movant's own conduct, or his habeas counsel's omissions [] ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, — S.Ct. —, 2005 WL 1469516, at *5 n.5. Such a view does not undermine the propriety of granting Rule 60(b) relief in this case. As specifically noted by the Court, the aforementioned prohibits situations where: (1) "a movant's habeas petition had omitted a claim of constitutional error, and [sought] leave to present the claim"; (2) "a motion might seek leave to present newly discovered evidence"; and (3) "a motion might contend that a subsequent change in substantive law is a reason justifying relief." *Id.* at *4 (interior quotes and citations omitted). Here, none of these situations apply. Petitioner's Rule 60(b) motion seeks merely to perform discovery previously granted pursuant to pre-existing habeas claims, and cannot be considered either a novel and omitted claim for habeas relief (example (1)) or a subsequent change in decisional law (example (3)).

Nor is completion of the previously granted discovery properly considered "newly discovered evidence" justifying relief from the state court's conviction. Under either Rule 60(b)(2) or § 2254(b)(2)(B)(i), such evidence must not have been discoverable previously by the exercise of due diligence. Section 2254(b)(2)(B)(ii) makes the additional requirement that such evidence must establish by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Here, the petitioner's Rule 60(b) motion does not seek to present *any* new evidence *at all*. The petitioner does not wish to present new evidence that was previously undiscoverable through due diligence that indicates that a prior federal judgment was somehow wrong, *see* FED R. CIV. P. 60(b)(2); nor does he wish to present new evidence that supports a claim for actual innocence, *see* 28 U.S.C. § 2254(b)(2)(B). In other words, the petitioner's motion does not attempt to present "new" evidence that would undermine a prior habeas judgment in the sense that the district court was unaware of the existence of the evidence at the time of judgment. Such a situation presents a challenge to the finality of judgment by introducing wholly new and unexpected evidence. Rather, the petitioner merely seeks to conduct the discovery that was previously granted, thereby complying with the district court's prior orders.

In conflating petitioner's Rule 60(b) motion with a habeas claim for newly discovered evidence, the majority effectively ignores the essential mandate of *Gonzalez*. As noted previously, determining whether a Rule 60(b) motion is a second or successive habeas petition is "relatively simple." *Gonzalez*, — S.Ct. —, 2005 WL 1469516, at *5. "A motion . . . bring[s] a [habeas] 'claim' if it attacks the federal court's previous resolution of the claim *on the merits* . . . ." *Id.* (emphasis in original). Accordingly, "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* As amply noted, the instant motion simply seeks to perform the discovery previously granted, and does not attack the state court conviction nor addresses the federal grounds for habeas relief.

Of course, the eventual outcome of the petitioner's Rule 60(b), after the performance of the discovery, *might* eventually result in a *possible* revisiting of the federal grounds for habeas relief. But this is no different from what *might* eventually occur with *any* motion filed during the pendency of a federal habeas petition. As this Court has previously noted:

> Although a Rule 60(b) motion is undoubtedly a step on the road to the ultimate objective of invalidating the judgment of conviction, the motion itself does not seek that relief . . . . [T]he fact that the Rule 60(b) motion contemplates ultimately the vacating of the conviction is shared with every motion the petitioner might make in

> the course of pursuing his habeas—motions to compel disclosure or quash the respondent's discovery demands, motions for extension of time to answer the adversary's motion, motions to be provided with legal assistance, motions for summary rejection of respondent's contentions, and even motions for relief from judgment grounded in fraud . . . . But this fact does nothing to convert the motion into a second or successive habeas petition.

*See In re Abdur'Rahman*, 392 F.3d 174, 181 (6th Cir. 2004) (*en banc*) (internal quotes and citations omitted). Though our opinion in *Abdur'Rahman* has been vacated and remanded pursuant to the Supreme Court's decision in *Gonzalez, see Bell v. Abdur'Rahman*, — S.Ct. —, 2005 WL 689279 (June 28, 2005), such reasoning is entirely consistent with the Supreme Court's reasoning in *Gonzalez* that a Rule 60(b) motion is not a second or successive habeas petition so long as it does not attack the *merits* of the federal court's previous resolution regarding the habeas claim. *See Gonzalez*, — S.Ct. —, 2005 WL 149516, at *5. To be clear, the petitioner's motion concerns the failure of his attorneys to perform discovery previously granted by the district court, and thus determining whether to revisit the denial of habeas relief does not affect the underlying state court conviction. Rather, it addresses the "nonmerits aspect of the first federal habeas proceeding," *id.*, and is therefore not barred by the restrictions of AEPDA, including the restriction on a second or successive habeas petition, 28 U.S.C. § 2244(b).

Given these considerations, I would hold there is no jurisdictional bar preventing this Court from granting the *Hirsch* motion to remand, and allow the district court to adjudicate the petitioner's Rule 60(b) motion.

## V.

I believe several comments on the district court's reliance on *Fuller v. Quire*, 916 F.2d 358 (6th Cir. 1990), in provisionally granting petitioner's Rule 60(b) motion are appropriate. In *Fuller*, we held that an attorney's inexcusable neglect in failing to prosecute the case was a ground for Rule 60(b)(6) relief. *Id.* at 361. In so holding, we noted that "The lawyer responsible had no real excuse when confronted by the plaintiff. His response was 'sue me.'" *Id.* We further noted additional factors that supported the district court's grant of Rule 60(b)(6) relief:

> The facts show that the suit was some distance from where the plaintiff lives, that the plaintiff repeatedly attempted to find out about his case, and that there is no showing of undue prejudice to the defendant. Clearly, the trial court did not err in exercising its power under the provisions of Rule 60(b)(6).

*Id.*

These factors also support a grant of relief in this case. Here, none of petitioner's attorneys could offer an adequate explanation for failing to perform the discovery granted by the district court. The petitioner in this case also acted diligently to protect his rights, repeatedly contacting his appointed counsel, the Ohio Public Defender, and the district court in an attempt to discover why his attorneys had failed to perform the granted discovery. Such attempts were also complicated by the petitioner's incarceration.

As to prejudice of the adverse party, like the district court, I believe that the state's interest in finality of judgment is leavened by the fact that this is a death-penalty case. *See* D. Ct. Op. at 12. Supreme Court cases routinely caution that in death-penalty cases, the balance of interests must weigh in favor of greater procedural safeguards for the condemned. *See Gregg v. Georgia*, 428 U.S. 153, 189 (1976); *Reid v. Covert*, 354 U.S. 1, 45-46 (1957) (Frankfurther, J., concurring). Given the other significant factors favoring a relief from judgment, the district court's provisional grant of Rule 60(b)(6) relief was not an abuse of discretion.

## VI.

Finally, I note my disagreement with the majority's characterization that "there is scant evidence of competent legal work being accomplished by counsel" in this case, and that the monies paid to counsel under the Criminal Justice Act were somehow unjustified. Majority Op. at 8-9. In this case, the attorneys represented the petitioner for several years, making numerous filings in the district court. Though they did not complete the discovery at issue in this case, these attorneys performed significant work in representing the petitioner. The record simply does not support the overly broad criticism of the entirety of the work by these defense counsel. In fact, it appears that much of their representation, not counting the failure to conduct discovery, was within expected norms.

ENTERED BY ORDER OF THE COURT


/s/  Leonard Green
_____
Clerk