[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 537.]

THE STATE OF OHIO *v*. BROOKS.

[Cite as *State v. Brooks*, 2001-Ohio-1323.]

*Appellate procedure—Application for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal as required by App.R. 26(B)(5).*

(No. 00-2200—Submitted May 15, 2001—Decided August 15, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 48914.

_____

*Per Curiam.*

{¶ 1} Appellant, Reginald Brooks, was convicted of the aggravated murders of his three sons, Reginald, Jr., Vaughn, and Niarchos Brooks, and sentenced to death. The court of appeals affirmed his convictions and sentence. *State v. Brooks* (Aug. 15, 1985), Cuyahoga App. No. 48914, unreported, 1985 WL 8589. We also affirmed Brooks's conviction and death sentence. *State v. Brooks* (1986), 25 Ohio St.3d 144, 25 OBR 190, 495 N.E.2d 407, certiorari denied, *Brooks v. Ohio* (1987), 479 U.S. 1101, 107 S.Ct. 1330, 94 L.Ed.2d 182.

{¶ 2} Subsequently, the court of appeals affirmed the trial court's decision to deny Brooks's petition for postconviction relief. *State v. Brooks* (June 17, 1999), Cuyahoga App. No. 73729, unreported, 1999 WL 401655. We refused to accept Brooks's appeal of that decision. *State v. Brooks* (2000), 88 Ohio St.3d 1432, 724 N.E.2d 809.

{¶ 3} On August 3, 2000, Brooks filed an application with the court of appeals to reopen his initial appeal pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of his

appellate counsel before the court of appeals in his first appeal. However, the court of appeals found that Brooks had failed to establish good cause for his untimely application for reopening, and denied Brooks's application. Notwithstanding Brooks's failure to establish good cause for his untimely application, the court of appeals reviewed Brooks's assignments of error and concluded that Brooks failed to demonstrate that a genuine issue existed as to ineffectiveness of his appellate counsel. *State v. Brooks* (Nov. 9, 2000), Cuyahoga App. No. 48914, unreported, 2000 WL 1706723. The cause is now before this court upon an appeal as of right.

{¶ 4} Brooks's counsel have filed two motions. In their first motion, Brooks's counsel request an order authorizing state funding for a licensed forensic psychologist to evaluate Brooks's competency to move forward in these proceedings, and, if need be, to testify. Brooks's counsel also request an *ex parte* hearing to present further evidence in support of this motion should we deem that necessary. In their second motion, Brooks's counsel move for a stay of the proceedings to allow counsel time to complete their investigation into Brooks's competency to proceed further with his appeal.

{¶ 5} In his ninth proposition of law, Brooks attacks the court of appeals' denial of his similar motion for a stay pending completion of Brooks's competency evaluation, and its denial of Brooks's motion to employ a psychologist at state expense.

{¶ 6} There is no requirement that Brooks be competent in order for his appeal to proceed in this court or for his appeal to have proceeded in the court of appeals. Moreover, this case does not involve any waiver of appellate rights. The trial court found that the defendant was competent to stand trial. While R.C. 2945.37 provides detailed procedures for determining competency to stand trial, no comparable statute concerns competency during a defendant's appeal. R.C. 2949.28 and 2949.29 govern competency to be executed, but the appellant is not at that stage in these proceedings. Thus, the services of a psychologist or psychiatrist

are simply not relevant at this juncture in the appellate process. Brooks's ninth proposition of law and his motions to employ a psychologist at state expense and for a stay are therefore denied.

{¶ 7} In his third through eighth, tenth, and eleventh propositions of law, Brooks asserts that his counsel have established a genuine issue as to whether he was denied the effective assistance of counsel in his initial appeal to the court of appeals. The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693, is the appropriate standard to assess whether Brooks has raised a genuine issue as to the ineffectiveness of appellate counsel, in his request to reopen under App.R. 26(B)(5). *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697; *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458.

{¶ 8} "To show ineffective assistance, [Brooks] must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *State v. Sheppard* (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770, 771, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Brooks "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d at 697.

{¶ 9} We have reviewed Brooks's assertions of deficient performance by appellate counsel and find that Brooks has failed to raise a "genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required under App.R. 26(B)(5).

{¶ 10} In his first proposition of law, Brooks argues that he filed his application for reconsideration under App.R. 26(B) in a timely fashion, and that, in any event, he had good cause for the late filing of his application. However, our

disposition of Brooks's propositions of law, on the merits,  negates any need to decide these questions.

{¶ 11} In his second proposition of law, Brooks attacks the procedural limitations of the *Murnahan* process (*e.g.*, the ten-page limit on briefs at the court of appeals) to litigate claims of ineffective assistance of appellate counsel.  Here, Brooks's counsel faced no page limitation in filing a brief, and our review of Brooks's assertions of ineffective assistance has eliminated any prejudice at the court of appeals.

{¶ 12} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

_____

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for appellee.

*Alan C. Rossman* and *Michael J. Benza,* for appellant.

_____