**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH CLAIR,

        Petitioner - Appellant,

  v.

ROBERT L. AYERS, of California State
Prison at San Quentin,

        Respondent - Appellee.

Nos. 05-99005

D.C. No. CV-93-01133-GLT

MEMORANDUM[*]

KENNETH CLAIR,

        Petitioner - Appellant,

  v.

ROBERT L. AYERS, of California State
Prison at San Quentin,

        Respondent - Appellee.

Nos. 08-75135

D.C. No. 2:93-cv-01133-CAS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary L. Taylor, District Judge, Presiding
Christina A. Synder, District Judge, Presiding

_____

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 18, 2010
Pasadena, California

Before: PREGERSON, REINHARDT and WARDLAW, Circuit Judges.

Petitioner Kenneth Clair appeals the district court's denial of his petition for habeas corpus. In addition to other claims, he contends that the district court abused its discretion by denying without investigation his June 2005 request that the court replace his appointed counsel with new counsel.

As a federal habeas petitioner in a capital case, Clair has a statutory right to counsel. *See* 18 U.S.C. § 3599(a)(2). "Congress' provision of a right to counsel under [18 U.S.C. § 3599] reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (internal quotations and citation omitted). This "right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id.* at 858.

Section 3599 provides that counsel may be changed upon a defendant's motion, but does not provide a standard under which such a motion should be adjudicated. *See* 18 U.S.C. § 3599(e). There is, however, a statutory standard for

2

when courts may change counsel for *noncapital* habeas defendants, who are not entitled to counsel but may be appointed counsel at the discretion of the court: a "court may, *in the interests of justice*, substitute one appointed counsel for another at any stage of the proceedings." 18 U.S.C. §3006A (a)(2)(B) (emphasis added). Given the importance that it placed on "quality legal representation" for capital habeas defendants, Congress must have intended to provide such petitioners with at least as much opportunity to replace counsel with whom they are dissatisfied as it provides noncapital habeas petitioners who have no statutory entitlement to counsel. Accordingly, when faced with Clair's request for new counsel, the district court was required at a minimum to ascertain whether the interests of justice required that the request be granted.

The district court did not explain its decision, but it is clear from the record that it either failed to apply the correct "interests of justice" standard or did so in an implausible, illogical or unreasonable manner. Accordingly, it abused its discretion. *See United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). On June 16, 2005, Clair wrote a letter to the court, requesting that new counsel be appointed. The court was aware that Clair was having problems with his counsel: only three months earlier it had received from him a letter alleging a longstanding pattern of inattention to his case. In response to that letter, the district

3

court made inquiry of Clair's counsel, who notified the court in April 2005 that they had spoken with Clair and that he was willing to have them continue to represent him for the time being. The June 16th letter repeated allegations made in the previous letter, but also included a serious additional allegation: that a private investigator working on Clair's behalf had located important physical evidence from the crime scene that had never been tested, and that his counsel, despite having been informed of the evidence, had made no effort to obtain it, analyze it or present it to the court. Clair's private investigator sent the court a letter substantiating Clair's claims. The court received and opened the private investigator's letter, but returned it without filing it, citing Local Rule 83-2.11.

The physical evidence that Clair claimed had been located was potentially of great importance to Clair's habeas petition. His conviction was based upon circumstantial evidence, and occurred before the advent of DNA testing and other modern forensic techniques. Faced with Clair's second letter requesting new counsel and the serious allegations therein, the court was required to ascertain, at the least, whether the interests of justice required substitution of counsel.

"[M]eaningful assistance of counsel is essential to the fair administration of the death penalty." *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 813 (9th Cir. 2003). Counsel who do not act within a reasonable time on material information

4

relating to their clients' petition are not providing meaningful assistance. Having received Clair's allegations, which implicated the fairness of the proceeding, the district court could not have plausibly made a determination whether changing counsel was in the interest of justice without making some inquiry into Clair's allegations. Certainly Clair's earlier expression of discontent might have alerted the court to the possibility that Clair was not getting the benefits of meaningful assistance of counsel. Following receipt of Clair's June 16th letter, however, the district court made no inquiry into the truth of Clair's allegations or their potential impact on the case before it. Instead, the district judge without explanation denied the motion on the same day that he denied Clair's petition, and then retired the following day. The court's failure to inquire as to Clair's allegations was an unreasonable application of the law to the facts in front of it, and an abuse of discretion.

The state misperceives Clair's claim, framing its response as if he were asserting a claim for ineffective assistance of counsel. As the state accurately points out, habeas petitioners claiming ineffective assistance of counsel face steep hurdles. *See District Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S.Ct. 2308, 2320 (2009); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). Clair's contention, however, was not that his habeas counsel was constitutionally

5

ineffective, but rather that the district court failed properly to exercise its discretion with respect to his request for his statutory right with regard to a change of counsel. As with other matters concerning the district court's exercise of its discretion, we must reverse the district court on a showing that it abused that discretion. Here, by failing to exercise its discretion at all, it abused it.

Accordingly, we vacate the district court's denial of Clair's request for new counsel, as well as the subsequent denial of his petition for writ of habeas corpus. The district court's failure to exercise its discretion foreclosed the possibility that different counsel, upon proper consultation with Clair, would have taken additional necessary action with respect to prosecuting Clair's habeas petition, including the appropriate steps — such as seeking an evidentiary hearing or seeking a stay to pursue proper relief in state court — to ensure that the allegedly newly discovered physical evidence was given due consideration and, if appropriate, incorporated into Clair's habeas petition.[1]

---

[1]We note that the counsel appointed to represent Clair on appeal raised related issues in a Rule 60(b) motion to the district court, which the district court denied without a hearing. Rule 60(b) provides a very limited opportunity to redress defects in a district court decision and 60(b) motions are adjudicated under a different standard than that under which a request by Clair to modify his petition prior to that petition's denial would have been adjudicated.

Because Clair has been appointed new counsel on appeal,[2] and because the district judge has retired, the most reasonable solution to the conundrum of how to correct on remand the district court's abuse of discretion is to treat Clair's current counsel as if he were the counsel who might have been appointed had the district court properly exercised its discretion in response to Clair's request for new counsel. *See Fetterly v. Paskett*, 997 F.2d 1295, 1301-02 (9th Cir. 1993). In that role, counsel shall consult with Clair and determine what actions and submissions to the district court, if any, would be appropriate before the district court rules anew on Clair's habeas petition, and then proceed accordingly. The district court shall, in turn, consider any such submissions, including any requests from counsel to amend the petition to add claims based on or related to the alleged new physical evidence, as if they had been made prior to the ruling on the writ that we have vacated and shall make all further determinations that may be required in accordance with applicable law.

**VACATED and REMANDED**

---

[2] John R. Grele was appointed counsel of record on January 10, 2006, and that appointment shall continue through all further proceedings absent a motion from counsel or Clair. *See* 18 U.S.C. § 3599(e).