RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0074p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

ARTHUR TYLER,

    *Petitioner-Appellant,*

    *v.*

CARL S. ANDERSON, Warden,

    *Respondent-Appellee.*

No. 13-4036

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland
No. 1:96-cv-01881—David A. Katz, District Judge.

Argued: January 29, 2014

Decided and Filed: April 15, 2014

Before: GIBBONS, ROGERS, and SUTTON, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Alan C. Rossman, OFFICE OF THE FEDERAL PUBLIC DEFENDER/CAPITAL HABEAS UNIT, Cleveland, Ohio, for Appellant. Charles L. Wille, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** Alan C. Rossman, Vicki Ruth Adams Werneke, Lori B. Riga, OFFICE OF THE FEDERAL PUBLIC DEFENDER/CAPITAL HABEAS UNIT, Cleveland, Ohio, for Appellant. Charles L. Wille, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

1

———————————

**OPINION**

———————————

JULIA SMITH GIBBONS, Circuit Judge.   Arthur Tyler, an Ohio inmate sentenced to death for the 1983 murder of Sander Leach, filed in the district court in 2013 an amended motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).   The judgment from which Tyler sought relief was entered in 2002.   In his amended motion, Tyler requested relief from the denial of his petition for a writ of habeas corpus, alleging the district court's failure to adjudicate two subclaims presented in his petition and his habeas counsel's inexcusable neglect to alert the district court to its alleged omission.   The district court denied Tyler's motion but granted a certificate of appealability.   For the following reasons, we affirm.

I.

The facts underlying Tyler's conviction are fully recounted in the Ohio Supreme Court's decision on direct appeal.   *See State v. Tyler*, 553 N.E.2d 576, 580–82 (Ohio 1990), *cert. denied*, 498 U.S. 951 (1990).   We have previously summarized those facts.   *See Tyler v. Mitchell*, 416 F.3d 500, 501 (6th Cir. 2005).   A very brief summary will suffice here.   On March 12, 1983, Sander Leach was shot to death in the van from which he sold produce at the corner of East 66th Street and Zoeter Avenue in Cleveland.   Both Tyler and Leroy Head were involved.   A Cuyahoga County grand jury indicted Tyler and Head on one count of aggravated murder and one count of aggravated robbery.   Head pled guilty to aggravated murder and aggravated robbery, and the death-penalty specification was dismissed.   Tyler went to trial.   He was convicted of aggravated murder and sentenced to death.   *State v. Tyler*, No. 47533, 1984 WL 6408, at *4 (Ohio Ct. App. Dec. 27, 1984).   His conviction was reversed on appeal.   *Id.* at *19. Tyler was retried and convicted of all charges.   *Tyler*, 553 N.E.2d at 582.   At both trials, Head testified against Tyler.   *Id.* at 580−82, 588−89; *Tyler*, 1984 WL 6408, at *2.

On Monday afternoon, December 16, 1985, Tyler's case was submitted to the jury for penalty-phase deliberations.   On Tuesday afternoon, after a full day of deliberation, the jury presented the court with a question:

> If one group of jurors is positive that the aggravating factors outweigh the mitigating factors and wishes to recommend the death penalty, but the remaining jurors are just as positive that the mitigating factors are strong enough not to recommend the death penalty—and neither group is willing to change that decision, what is the proper procedure to follow at that point?

The court responded:

> Well, we can't help you a whole lot on that. I'm going to read something to you that we can do. It is not going to solve any of your problems, but it may give you some cause to consider.
>
> Ladies and gentlemen of the jury, the Court is advised that you have indicated difficulty in reaching the verdict. Now the Court suggests to you that since the trial of this case means a great deal to the parties and to the public and has been expensive in time, efforts and money, the Court urges you to make every reasonable effort to agree on a verdict. You may consider that this case must at some time be decided and that you were selected in the same manner and from the same sources from which any future jury must be selected. There is no reason to suppose that the case would ever be submitted to twelve individuals more intelligent, more impartial or more competent to decide it, or that additional evidence will be produced by either side. It is your duty to make every reasonable effort to decide the case if you can conscientiously do so.
>
> The Court instructs you to return to the jury room and continue your deliberations. So, that is it. I mean, what it says essentially, is that you know—I mean, you can do it as well as anybody. You can just go back there and deliberate.

The next morning, December 18, 1985, Tyler was again sentenced to death. *Tyler*, 553 N.E.2d at 582. Tyler's conviction and sentence were affirmed on appeal. *Id.* at 597. Ohio appellate courts rejected Tyler's application for delayed reconsideration, *State v. Tyler*, 643 N.E.2d 1150, 1150 (Ohio 1994), and post-conviction relief, *State v. Tyler*, No. 71785, 1998 WL 598531, at *1 (Ohio Ct. App. Sept. 10, 1998); *State v. Tyler*, 704 N.E.2d 579 (Ohio 1999) (Table).

On June 11, 1999, Tyler petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. His petition set forth sixty-four grounds for relief, each containing many subparts, two of which are pertinent to this appeal. In his twenty-second claim for relief, entitled "State's Failure to Disclose," Tyler argued that his conviction and sentence are void because the State of Ohio failed to disclose to trial counsel information material to the guilt phase of the proceedings, specifically that Head received additional sentencing consideration for testifying at Tyler's

second trial and that Head was threatened with adverse consequences at the second trial if he did not testify against Tyler. In his twenty-fourth claim for relief, entitled "Errors in Mitigation Phase Charges and Procedures," Tyler argued that his conviction and sentence are void because the trial court improperly charged the jury during deliberation. Anderson filed a return of writ.

On April 5, 2000, the district court granted leave for Tyler's counsel to take Head's deposition. When Tyler's counsel deposed Head, however, Head invoked the privilege against self-incrimination. William Mason, Cuyahoga County Prosecutor, refused to extend immunity to Head in exchange for his testimony. Tyler then filed a motion in federal court to compel Head's testimony, which the district court denied.

On June 6, 2001, Tyler filed a traverse to Anderson's return of writ. In the traverse, Tyler reiterated the twenty-second and twenty-fourth claims for relief. Anderson filed a response to Tyler's traverse. On May 20, 2002, the district court denied Tyler's petition for a writ of habeas corpus and granted a certificate of appealability on two issues: the sufficiency of the evidence to support the conviction and death sentence and Tyler's right to waive mitigating evidence other than his own unsworn statement.

On May 25, 2002, Tyler sent a letter to his habeas counsel, informing his counsel that the district court's opinion failed to address his subclaim alleging an improper jury instruction during deliberation. Tyler wrote as follows:

> And I don't know if you know it or not? But he <u>never</u> answered my deadlock issue claim, and we have to get back with him on that because that is the key the only key I ever banked on, cause when that jury deadlocked with <u>no one willing</u> to change their decision every thing was suppose to end right their except their choice of 20 or 30 years. It was illegal for them to give me the death penalty after that. The instruction he gave, "Allen charge" towards guilt and innocence only compounded the error[—]black letter law that they put in place to legitimize this death penalty.

Tyler requested that his habeas counsel alert the district court to its omission. Tyler reiterated this request in letters to his habeas counsel dated June 16, 2002, and May 12, 2004.

On June 4, 2002, Tyler filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 and to stay his execution. In this motion, Tyler claimed that the

district court failed to allow discovery or to hold evidentiary hearings so that Tyler could discover information about Head that was never provided to defense counsel. Tyler did not, however, reassert his claim that the district court issued a coercive jury instruction during the penalty phase. The district court denied the motion. On August 14, 2002, Tyler appealed the district court's denial of his petition for a writ of habeas corpus, requesting that we expand the certificate of appealability to include numerous additional grounds for relief. In his request to expand the certificate of appealability, Tyler reasserted his claim that the prosecution failed to disclose that Head received additional sentencing consideration for testifying at the second trial. Tyler did not reassert the claim of judicial error in the jury deliberation instruction but argued in the request that his trial counsel was ineffective when counsel failed to object to the court's allegedly improper instruction to the jury during deliberation, a claim not asserted in Tyler's habeas petition. Tyler's request for an expanded COA did not mention the district court's failure to address either claim. This court denied Tyler's request on December 11, 2003, and the United States Supreme Court denied Tyler's petition for a writ of certiorari. *See Tyler v. Mitchell*, 416 F.3d 500, 502 (6th Cir. 2005).

On July 20, 2005, we affirmed the district court's denial of habeas relief. *Tyler*, 416 F.3d at 501. The Sixth Circuit denied Tyler's request for rehearing and for rehearing en banc, and the United States Supreme Court denied Tyler's petition for a writ of certiorari. *Tyler v. Anderson*, 547 U.S. 1074 (2006).

After his federal habeas litigation came to a close, Tyler returned to state court. He filed a complaint for writ of mandamus, requesting that the court order former Attorney General Jim Petro and Cuyahoga County Prosecutor William Mason to grant immunity to Leroy Head. The common pleas court dismissed the request, and the state court of appeals affirmed. *Tyler v. Petro*, No. 88128, 2007 WL 766171, at *1 (Ohio Ct. App. Mar. 15, 2007) (unpublished), *juris. denied*, 873 N.E.2d 1315 (Ohio 2007) (Table), *cert. denied*, 553 U.S. 1055 (2008). Tyler, proceeding pro se, also unsuccessfully attempted to reinstate his state post-conviction petition. *See State v. Tyler*, 875 N.E.2d 628 (Ohio 2007) (Table).

On February 21, 2008, continuing to proceed pro se, Tyler filed a notice of intent to file a second petition for a writ of habeas corpus. The district court transferred the case to this court

for consideration of Tyler's request to file a second or successive habeas petition under 28 U.S.C. § 2244(b). Tyler then filed a pro se motion for authorization to file a second or successive habeas petition with a copy of his original petition. We denied Tyler's request on June 25, 2008. *In re Arthur Tyler*, No. 08-3251 (6th Cir. June 25, 2008) (order denying authorization to file successive habeas petition).

On September 13, 2012, Tyler moved in district court for the appointment of the Capital Habeas Unit of the Office of the Federal Public Defender for the Northern District of Ohio to act as advisory counsel for his clemency proceedings. The district court granted that motion. On October 5, 2012, the Ohio Supreme Court set Tyler's execution date for May 28, 2014.

Upon review of the record, advisory counsel noticed that the deliberation instruction subclaim had not been explicitly addressed in the district court's order denying Tyler's petition. In this subclaim, Tyler alleged that the penalty-phase jury instruction during deliberation coerced the jury's sentencing determination in violation of the Sixth, Eighth, and Fourteenth Amendments. As a result of this observation by counsel, Tyler moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) on February 28, 2013. Upon further review, Tyler perceived that another subclaim was unaddressed by the district court. In that subclaim, Tyler alleged that the state failed to disclose that Head was threatened with adverse consequences if he did not testify against Tyler. As amended, Tyler's Rule 60(b)(6) motion argued that the district court should grant relief from its 2002 order denying Tyler's original federal habeas petition because it failed to adjudicate these two subclaims. The amended motion also asserted that Tyler should be relieved from the district court's denial of his original habeas petition because of his original habeas counsel's "inexcusable neglect" to alert the district court to its failure to address the two subclaims.

On August 5, 2013, the district court denied Tyler's Rule 60(b)(6) motion. *Tyler v. Anderson*, 1:96-cv-1881, 2013 WL 3992590, at *1 (N.D. Ohio Aug. 5, 2013). It ruled that Tyler's submission that it did not resolve two subclaims is a true Rule 60(b) motion, not a successive habeas petition barred by 28 U.S.C. § 2254(b). *Id.* at *4. The district court held that Tyler's motion for relief from judgment was cognizable under Rule 60(b)(1), encompassing mistakes of the court, rather than the catch-all provision set forth in Rule 60(b)(6). *Id.* at *5−*6.

The district court determined that the gravamen of Tyler's motion was the court's alleged failure to address two subclaims, a basis for relief falling squarely within a plain reading of Rule 60(b)(1). *Id.* at \*5.  The district court also determined that Rule 60(b)(1) applies because Tyler was partly to blame for the delay in filing the motion. *Id.* at \*6.  The court noted that subsection (b)(6) is applicable only in extraordinary circumstances, and "'[i]f a party is partly to blame for the delay, relief must be sought within one year under subsection (b)(1) and the party's neglect must be excusable.'" *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)).  The district court found that Tyler was partly to blame for the delayed 60(b) motion because Tyler was aware of the court's omission since the district court issued the denial of his petition in May 2002 and, therefore, could have filed his motion pro se with the court. *Id.*

Separately, the district court rejected the alleged "inexcusable neglect" of Tyler's habeas counsel as a basis for relief, holding that the deficient performance of habeas counsel cannot be the basis for granting a Rule 60 motion and reopening a habeas case. *Id.*  The district court observed that, in cases governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified as amended at 28 U.S.C. § 2241 *et seq.*, § 2254(i) forecloses the reopening of a habeas case because of the deficient performance of habeas counsel. *Id.*  The district court then noted that in *Post v. Bradshaw*, 422 F.3d 419, 423 (6th Cir. 2005), and *Brooks v. Bobby*, 660 F.3d 959, 963 (6th Cir. 2011), this court expressly rejected Rule 60(b) motions filed by habeas petitioners on the grounds of deficient performance of habeas counsel. *Id.*  Accordingly, the district court construed the entirety of Tyler's motion as governed by Rule 60(b)(1). *Id.* at \*7.

The district court then held that Tyler's motion is barred from review by Rule 60(c)(1), which requires that parties file motions for relief from judgment for the reasons set forth in Rule 60(b)(1)−(3) "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*  Tyler's Rule 60(b) motion was filed more than ten years after the district court denied his petition for a writ of habeas corpus.  The district court noted that Tyler had both notice and reasonable opportunities to alert the court to his allegedly unadjudicated subclaims: he could have done so through a Rule 59(e) motion, a timely Rule 60(b)(1) motion, or on appeal,

through a motion for a certificate of appealability. *See id.* Because the district court held that Tyler failed to demonstrate grounds for relief under Rule 60(b)(6) and that relief under Rule 60(b)(1) was time-barred, the district court denied his motion for relief from judgment. *Id.*

Tyler moved for a certificate of appealability pursuant to 28 U.S.C. § 2253(c), which the district court granted. The district court found that reasonable jurists could debate whether the fundamental basis of Tyler's Rule 60(b) motion is the district court's alleged failure to adjudicate two subclaims asserted in his petition and, consequently, whether Tyler's motion for relief is cognizable under subsection (b)(1). The court also found that reasonable jurists may find that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), abrogated *Post*'s ruling that 28 U.S.C. § 2254(i) "expressly bars relief grounded on claims of incompetent or ineffective counsel in federal post-conviction proceedings," including Rule 60(b) motions premised on such claims. *See Post*, 422 F.3d at 423.

After the denial of Tyler's Rule 60(b) motion, but before the grant of the certificate of appealability, Tyler's original habeas counsel moved to withdraw, taking "full responsibility for the failure to bring to the Court's attention earlier and in a more timely fashion" the issues brought to light by the advisory counsel. The district court granted that motion, and the Capital Habeas Unit became lead counsel. Tyler timely appealed.

II.

As a threshold matter, we must decide whether the district court had the authority to consider Tyler's Rule 60(b) motion. *Post*, 422 F.3d at 422. A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA. *See Gonzalez v. Crosby*, 545 U.S. 524, 531−32 (2005). If a 60(b) motion were found to be a second or successive habeas petition, then we would apply 28 U.S.C. § 2244(b), which presents a bar to the motion. *See id.* at 531; *Post*, 422 F.3d at 425. A state prisoner may not file a second or successive habeas corpus petition until the court of appeals issues an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

For purposes of § 2244(b), "an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Gonzalez*, 545 U.S. at 530. A motion contains a "claim," and is thus a successive habeas petition, if it asserts a "federal basis for relief from the state court's judgment

of conviction," *id.*, by "seek[ing] to add a new ground for relief" or "attack[ing] the federal court's previous resolution of a claim *on the merits*," *id.* at 532.  For present purposes, the term "on the merits" refers "to a determination that there exist or do not exist grounds entitling the petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4.  "A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Id.* at 531 (citing 28 U.S.C. § 2244 Rule 11).

By contrast, a motion does not attack a determination on the merits, and is thus not a successive habeas petition, when it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4.  Further, a motion does not present a claim when it does not attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," *id.* at 532, such as fraud on the federal habeas court, *id.* at 532 n.5.  In short, a motion is not a successive habeas petition "if it does not assert, or reassert, claims of error in the movant's state conviction." *Id.* at 538.

The portion of Tyler's amended Rule 60(b) motion relating to Head is a successive habeas petition forbidden by the AEDPA-amended provisions of 28 U.S.C. § 2244(b).  In evaluating whether Tyler's Rule 60(b) motion is a successive habeas petition, the focus of our inquiry is "on whether the Rule 60(b) motion contains a claim." *Mitchell v. Rees*, 261 F. App'x 825, 829 (6th Cir. 2008).

The claim that the state failed to disclose consideration given to Head was presented in Tyler's habeas petition.  Contrary to Tyler's contention, however, the district court did not fail to adjudicate it.  In its order denying Tyler's petition for habeas relief, the district court held

> [it] is here that Tyler's *Brady* claims also fail.  There is no evidence that the prosecution improperly failed to disclose a pre-sentencing "deal" with Head.  To the contrary, evidence adduced in habeas depositions suggest that there was no sentencing "deal" struck with Head, that he was given sentencing consideration only after he testified truthfully at Tylerl's [*sic*] trial. . . . even were the Court to extricate Head's testimony from the trial evidence, there nonetheless would be ample evidence providing confidence in the trial's outcome.

Tyler's contention that the district court failed to adjudicate his twenty-second claim is therefore unsustainable. "While the analysis could have been stated in more detail (thus lengthening an already long opinion), the district court analyzed the underlying claims in order to reach its conclusion." *Henderson v. Collins*, 184 F. App'x 518, 523 (6th Cir. 2006). This claim was previously resolved on the merits.

Whether the district court failed to adjudicate on the merits the deliberation-jury-instruction subclaim is a closer issue. In its opinion denying habeas relief, the district court considered Tyler's twenty-fourth claim for relief, entitled "Errors in Mitigation Phase Charges and Procedures," alongside his twenty-fifth, twenty-sixth, and fifty-second claims, as a group of claims alleging judicial error in the sentencing phase of Tyler's trial. The district court rejected the set of these four claims and thus rejected the jury-deliberation-instruction subclaim, which formed a part of the twenty-fourth claim. Even though the district court did not explicitly reject Tyler's jury-deliberation-instruction subclaim, it nevertheless could be argued that, because the district court rejected all of Tyler's claims, it determined that this particular subclaim did not entitle Tyler to habeas relief under 28 U.S.C. § 2254(a), thus resolving it on the merits. *See Johnson v. Williams*, 133 S. Ct. 1088, 1100 (2013) (Scalia, J., concurring) ("An 'adjudication on the merits' is 'best understood by stating what it is not: it is not a resolution of a claim on procedural grounds.'" (quoting *Muth v. Frank*, 412 F.3d 808, 815 (7th Cir. 2005)); *cf. Johnson*, 133 S.Ct. at 1096 (majority op.) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits."); *Gonzalez*, 545 U.S. at 532 n.4.

Nevertheless, there may be a contrary view. In *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006), the Tenth Circuit did not follow the approach of concluding that the summary rejection of all claims necessarily means that a claim, which was rejected but not explicitly discussed by the district court, is nevertheless barred by § 2244(b). Instead, the *Spitznas* court, citing *Gonzales*, took the view that a contention that the district court failed to consider a habeas claim was a true Rule 60(b) claim asserting a defect in the integrity of the federal habeas proceedings and was not a second or successive habeas petition. *See* 464 F.3d at 1224−25 (citing *Gonzalez*, 545 U.S. at 532−33). Given the reasonableness of the difference between the views

regarding what constitutes a second or successive habeas petition and our general reluctance to create a split with another circuit when other grounds of resolution exist, we will assume, without deciding, that the deliberation jury-instruction-claim presents a true Rule 60(b) motion.

Because Tyler's argument regarding Head clearly challenges the district court's resolution of a claim on the merits and therefore was a second or successive habeas petition, the proper course was for the district court to transfer the case to this court for certification. *See In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005). Treating the appeal as a request for certification, we deny it. This court cannot grant permission to file a second § 2244 motion unless the applicant makes a prima facie showing that the application satisfies the requirements of § 2244(b). 28 U.S.C. § 2244(b)(3)(C). A claim presented in a second or successive habeas corpus application shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Because Tyler's motion does not make a prima facie showing that he satisfies these requirements, he is not entitled to file a second or successive habeas petition raising the Head claim. Having denied Tyler's request for permission to file a successive habeas petition, we affirm the judgment of the district court denying Tyler's motion as it relates to Head.

## III.

Considering the jury-deliberation-instruction argument as a true Rule 60(b) motion, the district court properly denied the motion. "Rule 60(b) proceedings are subject to only limited and deferential appellate review." *Gonzales*, 545 U.S. at 535 (citing *Browder v. Dir., Dep't. of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978)). "This court reviews a district court's denial of a Rule 60(b) motion for relief from judgment for an abuse of discretion." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (citing *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir.

2010)). "[A] motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is 'especially broad' given the underlying equitable principles involved." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Further, when reviewing the district court's denial of a Rule 60(b) motion, this court does not consider the merits of the underlying judgment. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citing *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995)). Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof. *Id.* The grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009).

With respect to the deliberation-jury-instruction issue, the district court correctly held that Rule 60(c)(1) barred its review because the motion was not filed within "a year after the entry of the judgment or order or the date of the proceeding." If a party is partly to blame for the delay in timely challenging a judgment, then relief must be sought within one year under Rule 60(b)(1), and for relief to be granted, the party's neglect must be excusable. *See Pioneer*, 507 U.S. at 393. We agree that Tyler was partly to blame for the delay in bringing the issue of the district court's alleged failure to adjudicate the deliberation instruction to the attention of the courts. On May 20, 2002, the district court denied Tyler's petition for a writ of habeas corpus. By May 25, 2002, Tyler knew that the district court had not explicitly discussed the deliberation-jury-instruction subclaim. The text of his letter to counsel of that date displays a clear understanding of the issue and the absence of district court discussion of it. Tyler's Rule 60(b) motion was filed on February 28, 2013, over ten years later. During the interim, Tyler filed a motion to alter or amend the judgment pursuant to Rule 59, a request to expand the certificate of appealability in this court, an appeal of the district court's denial of his habeas petition, and, proceeding pro se, a notice of intent to file a second petition for a writ of habeas corpus and a motion for authorization to file a second habeas petition. Although his 2002 and 2004 letters to counsel indicated complete awareness of the district court's alleged failure to consider the deliberation-jury-instruction issue, in none of these filings did Tyler alert any court to the district court's omission. The district court properly found that "Tyler had sufficient notice and many reasonable opportunities to alert the courts to his allegedly unadjudicated claims: through a Rule

59(e) motion or a timely Rule 60(b)(1) motion; or on appeal, through a motion for a COA." *Tyler*, 2013 WL 3992590 at *7.

Tyler submits that he could not have previously requested a certificate of appealability because the claim was unadjudicated by the district court. But the district court's denial of Tyler's petition for a writ of habeas corpus, including the denial of the subclaim at issue, was a final decision reviewable by this court. *Cf. Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 842 (1984) ("[T]his Court reviews judgments, not opinions"); *McClung v. Silliman*, 19 U.S. 598, 603 (1821) ("The question before an appellate Court is, was the *judgment* correct, not the *ground* on which the judgment professes to proceed."). Thus, Tyler could have alleged these errors in his request to expand the certificate of appealability. Moreover, in his request to expand the certificate of appealability, Tyler *did* reassert the *Brady* claim, and he alluded to the jury-deliberation instruction-claim in the context of an ineffective-assistance-of-trial-counsel claim.

Tyler's May 25, 2002 letter to his counsel, composed shortly after the district court denied his petition for a writ of habeas corpus, shows the clarity of his view that the district court failed to adjudicate his jury-deliberation-instruction claim. Within the year of the district court's denial of habeas relief, Tyler filed a motion with the district court to alter or amend judgment and a motion with this court to expand the certificate of appealability. In neither motion, however, did Tyler raise the jury-deliberation-instruction issue. When Tyler's letter is considered along with these two motions, we must conclude that Tyler is partly to blame for the delay in bringing the issue to the attention of the courts. Under *Pioneer*, Tyler was required to seek relief under Rule 60(b)(1) within a year after the denial of the writ. He did not, and thus the district court did not err in holding that Rule 60(c)(1) bars his motion.

Even if Tyler's motion were cognizable under Rule 60(b)(6), the motion would still be subject to the requirement of Rule 60(c)(1) that "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). A reasonable time depends on the factual circumstances of each case, *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006), and a moving party must articulate a reasonable basis for delay, *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003). In this case, over ten years elapsed between the time the district

court denied Tyler's petition for a writ of habeas corpus and when Tyler filed his Rule 60(b) motion. Tyler's May 25, 2002, letter, along with the multiple opportunities afforded Tyler to bring his view of the district court's omission to the attention of the district court or this court, show that Tyler could have raised this issue before he did. Moreover, as the district court found, Tyler could have filed a motion pro se, as he had done before, within the period spanning more than ten years. *See Tyler*, 2013 WL 3992590, at *6. Under these circumstances, assuming arguendo that Tyler's motion relating to the deliberation instruction is specifically cognizable under Rule 60(b)(6) and not barred by § 2244(b), the motion was not filed within a reasonable time pursuant to Rule 60(c)(1). *See, e.g., West v. Champion*, 363 F. App'x 660, 664 (10th Cir. 2010) (holding Rule 60(b)(6) motion filed more than eight years after district court's judgment on habeas petition "is *not* within the 'reasonable time' contemplated by Rule 60(c)(1)"). Accordingly, the district court did not abuse its discretion in denying Tyler's motion for relief from judgment.

## IV.

The district court granted a certificate of appealability as to whether *Martinez*, 132 S. Ct. at 1315, abrogated *Post*'s interpretation that 28 U.S.C. § 2254(i) "expressly bars relief grounded on claims of incompetent or ineffective counsel in federal post-conviction proceedings," including Rule 60(b) motions premised on such claims. *See Post*, 422 F.3d at 423. We leave for another day whether *Martinez* abrogated *Post*'s interpretation of 28 U.S.C. § 2254(i). For the foregoing reasons, we deny Tyler permission to file a second or successive petition on the claim relating to Head, and we affirm the district court's denial of Tyler's Rule 60(b) motion as to the jury-deliberation-instruction claim.